# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2013

No. 12-40552
Summary Calendar

Lyle W. Cayce
Clerk

TIMOTHY LEE MULLINS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-318

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Timothy Lee Mullins, Texas prisoner # 1530696, appeals the dismissal of his 28 U.S.C. § 2254 petition, in which he challenged his conviction and life sentence for murder. Mullins challenges the district court's denial of relief on his claims that (1) trial counsel rendered ineffective assistance in failing to investigate his mental health history and in abandoning the insanity defense at trial, (2) trial counsel rendered ineffective assistance in failing to present any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitigating evidence at the punishment phase, (3) he was denied due process when the trial court did not appoint a psychiatrist for the defense, and (4) his appellate counsel rendered ineffective assistance in failing to raise on appeal the issue that the trial court abused its discretion in not appointing a psychiatrist for the defense. To the extent that Mullins also raises the issues that his counsel rendered ineffective assistance in failing to challenge his confession and in failing to object to prosecutorial misconduct, the issues are beyond the scope of the certificate of appealability, and this court lacks jurisdiction to consider them. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error, applying the same deference to the state courts' decision as the district court under the Antiterrorism and Effective Death Penalty Act. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Because the Texas Court of Criminal Appeals' rejection of Mullins's claims of ineffective assistance of trial and appellate counsel was not contrary to and did not involve an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and did not involve "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the district court did not err in denying Mullins habeas relief on these claims. § 2254(d); *see also Harrington v. Richter*, 131 S. Ct. 770, 787-89 (2011). The district court also did not err in denying relief on Mullins's claim that the state trial court violated due process in not appointing a psychiatrist for the defense pursuant to *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). *See* § 2254(d); *Woodward v. Epps*, 580 F.3d 318, 332 (5th Cir. 2009).

AFFIRMED.